# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| EDWARD MCCALL, * | |
| * | No. 18-152V |
| Petitioner, * | Special Master Christian J. |
| * | Moran |
| * | |
| v. * | |
| * | Filed:  December 15, 2021 |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | Attorneys' fees, expert invoice |
| * | |
| Respondent. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
<u>Kyle E. Pozza</u>, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

Seeking compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 through 34 (2012), Edward McCall claims that an influenza ("flu") vaccine and pneumococcal ("Prevnar-13") vaccine caused him to develop rheumatoid arthritis.  Counsel of record for Mr. McCall is Andrew D. Downing.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  This posting will make the decision available to anyone with the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

Mr. McCall is requesting an award of attorneys' fees and costs on an interim basis.  Pet'r's Mot., filed Oct. 1, 2021.  For the reasons that follow, **Mr. McCall is awarded $71,202.17**.

## I.   Abbreviated Procedural History

On January 31, 2018, Mr. McCall filed a petition alleging that he was harmed by the flu vaccine and Prevnar-13 vaccine.  Mr. McCall claims the vaccinations caused him to develop joint pain, stiffness, and swelling.  Pet., filed Jan. 31, 2018, at 1.  Mr. McCall alleges that the vaccinations triggered his rheumatoid arthritis.  Id. at 5.  Mr. Downing has represented him throughout this case.

Mr. McCall submitted medical records on February 8, 2018.  See exhibits 1-11.  Subsequently, the Secretary advised that compensation was not appropriate.  Resp't's Rep., filed Nov. 15, 2018.  While the Secretary accepted petitioner's diagnosis of rheumatoid arthritis, he disputed the onset of petitioner's joint symptoms.  See id. at 9.  The Secretary asserted that Mr. McCall's medical records are insufficient to show that his rheumatoid arthritis was caused-in-fact by his vaccinations.  Id. at 11.

The parties presented reports from doctors whom they retained for this litigation.  Mr. McCall's expert witness is Dr. Thomas M. Zizic.  His reports are exhibits 14, 16, 34, and 64.[2]  The Secretary has filed reports from Dr. Chester V. Oddis, Dr. Lawrence H. Moulton, and Dr. J. Lindsay Whitton.

After Mr. McCall submitted his expert reports, the undersigned directed the Secretary to file a supplemental expert report to further facilitate the exchange of expert reports.  Order, issued July 20, 2021.  On October 4, 2021, the Secretary moved for an extension of time, requesting until December 6, 2021 to file his supplemental expert reports, which the undersigned granted.   Resp't's Mot., filed Oct. 4, 2021; order, issued Oct. 5, 2021.  On December 6, 2021, the Secretary again moved for an extension of time until January 7, 2022 to file his supplement expert reports.  Resp't's Mot., filed Dec. 6, 2021.  The Secretary's expert reports are expected on January 7, 2022.  The parties have not made any progress toward settlement.  Pet'r's Mot., filed Oct. 1, 2021, at 2.

---

[2] Due to deficiencies in Dr. Zizic's first report (exhibit 14), he revised it and his first opinion was presented as exhibit 16.  Therefore, this decision sometimes refers to Dr. Zizic as presenting three opinions.

Mr. McCall filed the pending motion for interim attorneys' fees and costs on October 1, 2021, requesting fees for Mr. Downing's work and costs incurred during the litigation, including expert costs for Dr. Zizic's work.  Mr. McCall's motion included invoices only for Dr. Zizic's last two reports.  See id. at 43-44.  Mr. McCall did not present an invoice for Dr. Zizic's initial work, reflected in exhibits 14 and 16.  On November 8, 2021, the undersigned ordered Mr. McCall to supplement his motion for an interim award of attorneys' fees and costs to present additional invoices from Dr. Zizic or to confirm that he will not seek compensation for Dr. Zizic's work performed in presenting his initial opinions.  Order, issued Nov. 8, 2021.  On December 1, 2021, Mr. McCall filed a supplemental invoice for Dr. Zizic's first two expert reports.  See fee exhibit B.

Mr. McCall argues that an award of interim fees and costs is appropriate because the case was filed with good faith and a reasonable basis, and counsel has borne considerable fees and costs.  Pet'r's Mot. at 1.  The Secretary did not respond to Mr. McCall's requests for attorneys' fees and costs.

This matter is now ripe for adjudication.

## II.    Analysis

Mr. McCall's motion requires analysis of three issues.  First, whether Mr. McCall is eligible under the Vaccine Act to receive an award of attorneys' fees and costs.  Second, whether Mr. McCall should be awarded attorneys' fees and costs on an interim basis as a matter of discretion.  Third, assuming an award is appropriate, what is a reasonable amount of attorneys' fees and costs.  These issues are addressed below.

### A.    Eligibility for an Award of Attorneys' Fees and Costs

Interim fee awards are available in Vaccine Act cases.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  A petitioner who has not received compensation from the Program may be awarded "reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  "Good faith" and "reasonable basis" are two separate elements that must be satisfied for a

petitioner to be eligible for attorneys' fees and costs.  <u>Simmons v. Sec'y of Health & Hum. Servs.</u>, 875 F.3d 632, 635 (Fed. Cir. 2017).

The Secretary does not object to Mr. McCall's good faith or reasonable basis.  Mr. McCall's medical records demonstrate that he brought his claim in good faith believing that a vaccine injury occurred.  <u>See Morris v. Sec'y of Health & Hum. Servs.</u>, No. 12-415V, 2014 WL 8661863, at *5 (Fed. Cl. Spec. Mstr. June 4, 2014) (finding that a petitioner's medical records and affidavit showed that he had an honest belief that a vaccine injury occurred).  Like the petitioner in <u>Morris</u>, Mr. McCall's medical records confirm receipt of his vaccinations and describe subsequent visits to his doctor to receive treatment for his joint pain.  <u>See id.</u>; exhibits 1-11.  Furthermore, Mr. McCall's medical records and Dr. Zizic's expert reports satisfy the reasonable basis standard.  <u>See K.B.H. v. Sec'y of Health & Hum. Servs.</u>, No. 17-739V, 2021 WL 1344029, at *4 (Fed. Cl. Spec. Mstr. Jan. 8, 2021) (finding reasonable basis where petitioner produced comprehensive medical records and reports from board-certified experts).  Therefore, Mr. McCall has satisfied the elements of good faith and reasonable basis and is eligible to receive interim attorneys' fees and costs.

### B.    Appropriateness of an Interim Award as a Matter of Discretion

Interim awards should not be awarded as a matter of right.  <u>Avera</u>, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship." <u>Id.</u>  As a matter of discretion, interim fees are awarded in cases where "proceedings are protracted and costly experts must be retained."  <u>Id.</u>  The Federal Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be considered.  <u>Id.</u>

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In this case, however, an interim award is appropriate.  The proceedings have been ongoing for more than three years and this matter is not close to resolution.  In addition, Mr. McCall's counsel has expended funds on three expert opinions, totaling $50,980.00.  Fee exhibit A; fee exhibit B.  These circumstances support an award of attorneys' fees and costs on an interim basis.

### C.    Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Although the Secretary did not file a

response to Mr. McCall's request, the undersigned must review the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### 1.    Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895 n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see also Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Env't Prot. Agency, 169 F.3d 755, 757-60 (D.C. Cir. 1999).

The Davis County exception does not apply. Mr. Downing has performed the bulk of his work in Phoenix, Arizona. However, the local rate of Phoenix, Arizona is substantially similar to the forum rate. See Al-Uffi v. Sec'y of Health & Hum. Servs., No. 13-956V, 2015 WL 6181669, at *10 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (finding that Mr. Downing was entitled to the forum rate because the prevailing rate among Arizona attorneys was "substantially equivalent").

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

---

[3] The 2015-2016, 2017, 2018, 2019, 2020, and 2021 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates

Mr. McCall proposes reasonable rates for Mr. Downing in the amount of $375.00 per hour in 2017 and $385.00 per hour in 2018, 2019, 2020, and 2021. Given Mr. Downing's level of experience, which includes 18 years of Vaccine Program experience, the undersigned finds this rate to be reasonable. See Schultz v. Sec'y of Health & Hum. Servs., No. 16-539V, 2020 WL 1987784, at *3 (Fed. Cl. Spec. Mstr. Mar. 25, 2020) (finding Mr. Downing's proposed rate of $385.00 per hour for 2018-2020 consistent with his years of experience in the Vaccine Program and the quality of his work).

In addition to attorneys' fees for Mr. Downing's work, Mr. McCall requests attorneys' fees for the work of an associate attorney, Courtney Van Cott. Ms. Van Cott invoiced at $195.00 per hour in 2017; $205.00 per hour in 2018 and 2019; and $275.00 per hour in 2020 and 2021. These rates are reasonable for an attorney with Ms. Van Cott's experience. See Tucker v. Sec'y of Health & Hum. Servs., No. 17-566V, 2019 WL 1796124, at *1 (Fed. Cl. Spec. Mstr. Apr. 2, 2019) (awarding Ms. Van Cott $195.00 per hour in 2017 and $205.00 per hour in 2018); Schultz, 2020 WL 1987784, at *2-3 (finding Ms. Van Cott's proposed rate of $275.00 per hour for work performed in 2020 reasonable given her experience in the Vaccine Program).

Mr. McCall requested that the paralegals in Mr. Downing's firm be compensated at $135.00 per hour. Fee exhibit A. This rate is appropriate for paralegal tasks. See Schultz, 2020 WL 1987784, at *2-3.

2. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521.

Mr. Downing's invoices reflect that he spent 58.4 hours on the case through July 20, 2021. Ms. Van Cott spent 28 hours on the case through July 20, 2021. Both Mr. Downing's and Ms. Van Cott's time entries provide sufficient detail to assess their reasonableness. Additionally, Mr. Downing's and Ms. Van Cott's activities were reasonable for an attorney to perform. However, Mr. Downing's invoice contains a duplicate entry on October 13, 2017 for 0.60 hours that reads, "Update call with client; hematology appointment; diagnosis of anemia; upcoming

---

contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

6

provider appts for RA." See fee exhibit A at 2.   Removing the time spent on this
duplicate entry results in a reduction of Mr. Downing's attorneys' fees in the
amount of $225.00.

Mr. Downing's two paralegals spent a combined 62.7 hours on this case
through July 20, 2021.  Most of Mr. Downing's paralegals' entries are reasonable.
However, one of Mr. Downing's paralegals consistently included charges for filing
notices of filings.  Attorneys' fees are not permitted for clerical tasks.  See Willet
v. Sec'y of Health & Hum. Servs., No. 15-252V, 2017 WL 3298983, at *4 (Fed.
Cl. Spec. Mstr. June 2, 2017).  Accordingly, 0.10 of an hour is reduced for each of
the twenty entries that include charges for filing notices of filing.  This results in a
reduction of $1,471.40 in attorneys' fees for paralegal work.

Accordingly, Mr. McCall is awarded **$35,825.10** in attorneys' fees.  This
amount is reasonable for work performed through July 20, 2021.

3.    Costs

Like attorneys' fees, a request for reimbursement of costs must be
reasonable.  Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed.
Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  For attorneys' costs through July
13, 2021, Mr. McCall requested $1,220.47, consisting of filing fees, acquiring
medical records, photocopies, and postage.  See fee exhibit A.  These costs are
reasonable.  Mr. McCall did not incur any costs personally.

Reasonable expert fees are determined using the lodestar method in which a
reasonable hourly rate is multiplied by a reasonable number of hours.  See
Chevalier v. Sec'y of Health & Hum. Servs., No. 15-001V, 2017 WL 490426, at
*3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  A reasonable hourly rate for an expert
depends, in part, on the quality of the expert's work.  Sabella v. Sec'y of Health &
Hum. Servs., 86 Fed. Cl. 201, 218-25 (2009).

For the expert-related costs through July 13, 2021, Mr. McCall has
requested compensation for Dr. Zizic's expert fees, totaling $50,980.00.

Dr. Zizic has invoiced at $400.00 per hour.  Fee exhibit A.  Given that Dr.
Zizic is board-certified and a specialist in rheumatology, this rate is reasonable.
See exhibit 15.  Additionally, this Court has previously found Mr. Zizic's
requested rate of $400.00 per hour reasonable.  See Bourche v. Sec'y of Health &
Hum. Servs., No 15-232V, 2017 WL 2480936, at *5 (Fed. Cl. Spec. Mstr. May 11,

2017); <u>Hales v. Sec'y of Health & Hum. Servs.</u>, No. 14-552V, 2017 WL 1366069, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2017).

Dr. Zizic's invoices reflect that he has spent 127.45 hours on this case.  Fee exhibit A; fee exhibit B.  This includes time spent conferring with counsel, analyzing respondent's expert reports and medical literature, and drafting and finalizing his expert reports.  Fee exhibit A; fee exhibit B.

At first blush, the amount of time in preparing reports (more than 100 hours) appears excessive.  Mr. McCall's medical records are found in a typical number of exhibits.  The Secretary's summary of these records is approximately five pages, although Dr. Zizic's account is lengthier.  <u>See</u> Resp't's Rep., filed Nov. 15, 2018, at 2-6.  Dr. Zizic cited 18 articles in his first report, 37 articles in his second report, and no additional articles in his third report.

A deeper exploration of the basis for Dr. Zizic's request that he be paid for approximately 127 hours uncovers no meaningful information.  Dr. Zizic's invoices do not explain how he was spending his time.  One entry reads:

> 4/25/2020 - 6/28/2020 Analysis of medical literature cited by Dr. Oddis, review of additional medical literature on UCTD, RA, and Lupus; autoimmune nature of these diseases; triggers events; vaccination to incorporate into rebuttal report; multiple calls with Counsel re: same - 19 hrs

Fee exhibit A at 43.  Lumping approximately two months of work (covering 19 hours) into a single entry of 37 words does not communicate that Dr. Zizic spent time reasonably.  Experts are expected to list the amount of time they spent on particular activities.  <u>See Caves v. Sec'y of Health & Hum. Servs.</u>, 111 Fed. Cl. 774, 781-83 (2013); <u>Morse v. Sec'y of Health & Hum. Servs.</u>, 89 Fed. Cl. 683 (2009).

Before Dr. Zizic was engaged, Mr. McCall and Dr. Zizic were informed about the minimal expectations for an expert's invoice.  The set of instructions issued to experts on December 21, 2018, stated that experts should describe their efforts in detail.  Specifically, the instructions said: "The more significant issues regarding invoices are: what is being done and how long the task takes. The expert should list separate tasks separately. A rule of thumb is that every half hour should

have a separate task, differentiated from other tasks." Order, issued Dec. 21, 2018, at 7.

While this case was pending, a special master told Mr. Downing and Dr. Zizic that "Dr. Zizic is encouraged to engage in contemporaneous time keeping in order to avoid excessive billing." Sicard v. Sec'y of Health & Hum. Servs., No. 16-332V, 2019 WL 6462385, at *6 (Fed. Cl. Spec. Mstr. Nov. 4, 2019) (reducing hours awarded to Dr. Zizic in a case involving Mr. Downing and citing cases). Nevertheless, Dr. Zizic has created invoices that are not helpful in determining a reasonable number of hours. See Stricker v. Sec'y of Health & Hum. Servs., No. 18-56V, 2020 WL 1028901, at *4 (Fed. Cl. Spec. Mstr. Feb. 6, 2020) (finding in a case with Mr. Downing that Dr. Zizic's invoices contained such inflated amounts of time that the invoices must be inaccurate and deferring any compensation to Dr. Zizic).

Given the specific direction in the December 21, 2018 Instructions as well as warnings in Sicard and other cases, it could be found that Mr. McCall has not met his burden of establishing that any of the hours for which Dr. Zizic has invoiced are reasonable. "The burden is not for the court to justify each dollar or hour deducted from the total submitted by counsel. It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1210 (10th Cir. 1986). But, continued submission of defective invoices from Dr. Zizic is likely to produce a penalty in future cases. See Valdes v. Sec'y of Health & Hum. Servs., No. 99-310V, 2009 WL 1456437, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (warning an attorney that penalties may be necessary to motivate him to submit requests for fees that do not contain "erroneous, duplicative, or unreasonable entries"), mot. for rev. granted in non-relevant part and denied in non-relevant part, 89 Fed. Cl. 415 (2009). Rather than penalize Mr. McCall, Mr. Downing, and Dr. Zizic by awarding zero dollars for Dr. Zizic's work in the present case, the undersigned will attempt to fashion a reasonable number of hours by reducing the number of hours by one-third. See Fox v. Vice, 563 U.S. 836, 838 (2011) (indicating that trial courts may use "rough justice" in awarding attorneys' fees). In the undersigned's experience, 85.4 hours is a reasonable (and probably generous) amount of time for the work Dr. Zizic has performed in this case.

Thus, a reasonable amount of compensation for Dr. Zizic is $34,156.60. Mr. McCall is awarded costs in the amount of $35,377.07.

### III.    Conclusion

Accordingly, Mr. McCall is awarded: **A lump sum of $71,202.17 in the form of a check made payable to Edward McCall and Mr. McCall's attorney, Andrew D. Downing.**  This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).