# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| EDWARD MCCALL, * | |
| * | No. 18-152V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: January 27, 2023 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * *

Andrew D. Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner;
Kyle E. Pozza, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 6, 2022, petitioner Edward McCall moved for final attorneys' fees and costs. He is awarded **$4,354.50.**

\*   \*   \*

On January 31, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the Prevnar-13 and influenza vaccinations he received on

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

January 18, 2017, caused him to develop rheumatoid arthritis. Following respondent filing his Rule 4(c) report contesting entitlement, the parties retained experts, with petitioner retaining Dr. Thomas Zizic and respondent retaining Dr. Chester Oddis, Dr. J. Lindsay Whitton, and Dr. Lawrence Moulton. Following a status conference in which the undersigned outlined concerns about petitioner's case, petitioner filed a motion to voluntarily dismiss his case on March 30, 2022. On April 19, 2022, the undersigned issued his decision dismissing the case for insufficient proof. 2022 WL 1493531 (Fed. Cl. Spec. Mstr. Apr. 19, 2022).

On June 6, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $4,530.00 and attorneys' costs of $0.00 for a total request of $4,530.00.[2] Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. at 2. Respondent failed to file a response and petitioner did not file a reply.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned previously found that petitioner had satisfied the criteria for good faith and reasonable basis when awarding interim attorneys' fees and costs and there is no doubt that the work petitioner seeks reimbursement for now was also reasonable and necessary to close out the case. 2021 WL 6340187 at \*2. A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because

---

[2] Petitioner was previously awarded interim attorneys' fees and costs totaling $71,202.17 on December 15, 2021. 2021 WL 6340187 (Fed. Cl. Spec. Mstr. Dec. 15, 2021).

the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Andrew Downing, $385.00 per hour for work performed in 2021 and $415.00 per hour for work performed in 2022; and for Ms. Courtney Van Cott, $275.00 per hour for work performed in 2021 and $325.00 per hour for work performed in 2022. The undersigned and others have previously found these rates to be reasonable for the work of Mr. Downing and Ms. Van Cott, and they are reasonable for work in the instant case as well. Pryor v. Sec'y of Health & Human Servs., No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022); Bourche v. Sec'y of Health & Human Servs., No. 15-232V, 2020 WL 6582180 (Fed. Cl. Spec. Mstr. Oct. 16, 2020).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable. The timesheet entries are sufficiently detailed such that the undersigned can assess their reasonableness. However, two issues necessitate a reduction. First, paralegals duplicated work Ms. Van Cott already

performed by reviewing some of the court orders. Similarly, paralegals charged for administrative tasks such as filing documents. These issues have previously been noted concerning Van Cott & Talamante paralegals. Second Fees Decision, 2018 WL 7046894, at *3; Sheridan v. Sec'y of Health & Human Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Human Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Upon review, an appropriate reduction for these issues is $175.50. However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues. See, e.g., Burgos v. Sec'y of Health & Human Servs., No.16-903V, 2022 WL 1055355, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2022).

Petitioner is therefore awarded final attorneys' fees of $4,354.50.

C. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$4,354.50** (representing $4,354.50 in attorneys' fees and $0.00 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Mr. Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.